UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL GRECCO PRODUCTIONS, INC.,

Plaintiff,

v.

TRAKT, INC.,

Defendant.

Case No.: 24-cv-1681-BJC-GC

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**[ECF Nos. 26, 27]**

Pending before the Court are the parties' Plaintiff Michael Grecco Productions, Inc., and Defendant Trakt, Inc., cross motions for summary judgment. ECF Nos. 26, 27. After a thorough review of the parties' submissions and for the reasons discussed below, the Court GRANTS Plaintiff's motion and DENIES Defendants' motion.[1]

[1] Plaintiff has filed evidentiary objections and seeks to strike certain evidence in support of Defendant's motion for summary judgment. ECF No. 28-3. The Court finds, with the exception of the information about thetvdb.com and themoviedb.org, the statements and exhibit to which Plaintiff objects are not necessary to the Court's determination. Accordingly, the objections and request to strike are moot. The Court overrules the objection as to the nature of thetvdb.com and themoviedb.org.

## BACKGROUND

Plaintiff is a professional photography and videography company incorporated in 1998, whose main contributor and principal is Michael Grecco. ECF No. 26-3 ¶¶ 4,5. In 1998, Michael Grecco took a photograph of the actor Fred Savage wearing a suit in front of a white background ("the Photograph"). *Id.* ¶¶ 10-13. The Photograph was commissioned by USA Weekend Magazine. *Id.* ¶ 10. Plaintiff uploaded the Photograph to Getty Images on February 9, 2009. *Id.* ¶ 14. The Photograph was registered by Michael Grecco Photography, Inc. with the United States Copyright Office on July 7, 2010. ¶ 15. On January 26, 2012, Plaintiff changed its name to Michael Grecco Productions, Inc. *Id.* ¶ 16.

Defendant is an internet services company founded in 2010 that helps users track and share television shows and movies. ECF No. 26-4 at 6; ECF No. 27-3 at 2, ¶ 2. Defendant operates a website, www.trakt.tv, and a phone app the permits users to explore, rate and discuss shows and movies. ECF No. 27-3 at 2, ¶ 2. Defendant earns income from paid subscribers that receive increased access to services and additional features personalized for their watching habits. *Id.*; ECF No. 26-4 at 6. Defendant also earned income from advertisements on the website until August 2024. ECF No. 26-4 at 7.

Defendant's website includes separate web pages for every movie and television show on its website with information about the movie or television show, including when it was released, the genre, runtime, and the actors involved. ECF No. 27-3 at 2, ¶ 3. The total number of individual web pages is in the millions. *Id.* Defendant updates the individual pages through an automated process run by the software algorithm that operates Defendant's website. *Id.* ¶ 4; ECF No. 26-4 at 7. The automated process gathers information and photos from open internet archives, primarily thetvdb.com ("TheTVDB") and themoviedb.org ("TMDB"). ECF No. 26-4 at 7, 8; ECF No. 27-3 at 3, ¶ 6. TheTVDB and TMDB are free databases that collect user-generated information about television shows and movies. *Id.* The algorithm runs an automatic nightly scan of the internet archives and will update Defendant's individual pages with any new information. *Id.*

The Photograph at issue was pulled from TheTVDB and displayed on Defendant's website on or about January 9, 2020. ECF No. 26-4 at 7; ECF No. 27-3 at 8, ¶ 25. Defendant did not have a license agreement with Plaintiff to use, publish, display, or store the Photograph. *Id*. at 11. Plaintiff discovered the photo on Defendant's website on January 18, 2024.[2] ECF No.1 ¶ 18. Days later, Mr. Grecco asked Defendant to remove it. ECF No. 27-3 at 35. The Photograph was removed from the Defendant's website on January 24, 2024. ECF No. 26-4 at 11.

Plaintiff filed the instant action seeking relief for copyright infringement on September 20, 2024. ECF No. 1. On October 31, 2025, the parties filed separate motions for summary judgment. ECF Nos. 26, 27

## LEGAL STANDARD

Summary judgment is properly granted when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of establishing an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that may affect the "outcome of the suit" under applicable law. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. If the movant meets its burden, the burden shifts to the party opposing the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Id*.

When addressing a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The

---

[2] Mr. Grecco attests to discovering the Photograph on Defendant's website on January 28, 2024. However, it appears the date may be a typographical error based upon the complaint and the letter dated January 24, 2024, requesting Defendant take down the Photograph.

court makes no credibility determinations and weighs no evidence. *Anderson*, 477 U.S. at 255; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

**DISCUSSION**

Plaintiff argues it is entitled to summary judgment as to liability on its claim for direct copyright infringement against Defendant because the undisputed facts show that Plaintiff is the rightful owner of the Photograph and holds a valid certificate of copyright registration, and Defendant displayed, stored, and published the Photograph on its website without a license or permission to do so. Defendant argues it is entitled to summary judgment because Plaintiff's claim is barred by the Digital Millennium Copyright Act ("DMCA"), the claim is barred by the statute of limitations, there is no volitional infringement by Defendant, Defendant's use of the Photograph is "fair use," and Plaintiff consented to the use of the Photograph.

**I. Safe Harbor**

Defendant argues, as an internet service provider, it is not liable for an unknown internet user's posting of the Photograph on its website pursuant to the DMCA's safe harbor provision. ECF No. 27-1 at 15-17. Defendant maintains it complied with all prerequisites for safe harbor eligibility. *Id*. at 16-17.

Plaintiff argues the safe harbor defense is inapplicable because the Photograph was downloaded and posted by Defendant, not uploaded by a user. ECF No. 28 at 12. Plaintiff contends Defendant does not assert its visitors or subscribers have the ability to upload content or that a user did so here. *Id*. Instead, Defendant maintains its algorithm scours TheTVDB and copies and downloads images. *Id*. In reply, Defendant argues the standard for determining whether the safe harbor provision applies is whether the allegedly infringing material was stored on the service provider's network "at the direction of a user," not whether the user held an account on the defendant's network. ECF No. 31 at 7.

Pursuant to the safe harbor provision of the DMCA, service providers are not liable "for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider."

17 U.S.C. § 512 (c). "To be eligible at the threshold for the § 512(c) safe harbor, a service provider must show that the infringing material was stored 'at the direction of the user.'" *Mavrix Photographs, LLC v. Livejournal, Inc*., 873 F.3d 1045, 1052 (9th Cir. 2017).

According to the undisputed facts, Defendant's algorithm uploaded the Photograph onto its website following a search of TheTVDB, where the Photograph had been uploaded by a user of TheTVDB. Defendant provides no evidence to demonstrate that a user of its website, www.trakt.tv, uploaded the Photograph or had any involvement in uploading the Photograph to the Defendant's website. There is no evidence demonstrating that Defendant's users have the ability to upload photographs to the website. The safe harbor provision of § 512(c) "focuses on the service provider's role in making material stored by a user publicly accessible on its site." *Mavrix Photographs, LLC*, 873 F.3d at 1053. The Photograph was not stored by, or at the direction of, a user of Defendant's website. It was chosen and stored by Defendant's algorithm that scans and updates the website with any new information. The Court, therefore, finds that Defendant fails to meet its burden of demonstrating it qualifies for protection under the safe harbor provision of the DMCA.

**II. Statute of Limitations**

Defendant contends Plaintiff's claim is barred by the applicable statute of limitations. ECF No. 27-1 at 17-20. Defendant argues the claim is untimely under both the incident of injury rule and discovery rule. *Id*. Plaintiff contends the Ninth Circuit applies the discovery rule to copyright actions, and there is nothing that should have put it on notice that the Photograph was being displayed on Defendant's website prior to Plaintiff's actual discovery. ECF No. 28 at 13-17.

Actions seeking relief under the Copyright Act must be brought within three years after the claim accrues. 17 U.S.C. § 507(b). "Under the 'discovery rule,' a copyright infringement claim accrues - and the statute of limitations begins to run - when a party discovers, or reasonably should have discovered, the alleged infringement." *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019); *see also Starz Ent.,*

*LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236 (9th Cir. 2022) (discussing the viability of the discovery rule in copyright actions).

It is undisputed that the Photograph appeared on Defendant's website beginning on or around January 9, 2020. ECF No. 27-3 at 8, ¶ 25. In the complaint, Plaintiff asserts it discovered the alleged infringement on January 18, 2024. Defendant received a letter from Mr. Grecco dated January 24, 2024, accusing Defendant of using the Photograph on its website without permission. ECF No. 27-3 at 35. This action was filed on September 20, 2024.

Defendant argues Plaintiff cannot demonstrate diligence because the Photograph was on TheTVDB since January of 2020, Mr. Grecco is familiar with TheTVDB, and Plaintiff has communicated with TheTVDB about photographs in their archive in the past. Defendant further argues Plaintiff could easily have discovered the Photograph earlier by doing an image search.

Defendant provides no authority that requires Plaintiff to police the internet looking for infringing copies of its copyrighted works or to search webpages that Plaintiff knew previously had photographs without permission. The Court finds there are no facts to support that Plaintiff should have known the Photograph was on Defendant's website prior to the actual discovery. Accordingly, Plaintiff's complaint filed in September 2024 is timely.

**III. Copyright Infringement**

Plaintiff argues it has established a *prima facie* case of copyright infringement. ECF No. 26-1 at 11-13. Defendant argues Plaintiff fails to establish ownership and volitional conduct to establish a *prima face* case of direct infringement. ECF No. 27-1 at 20-21; ECF No. 29 at 16. Defendant further argues its use of the Photograph was fair use, and it was granted an implied license. ECF No. 27-1 at 22-28; ECF No. 29 at 18-19; 24-29. "To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas*

*v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

**A. Ownership**

Plaintiff submits a copyright Certificate of Registration in support of its contention it owns the Photograph. "[C]opyright registration creates a presumption of ownership." *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1110 (9th Cir. 1998) (citing *Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1335 (9th Cir. 1995)).

Defendant argues the Certificate of Registration offered by Plaintiff does not appear to cover the Photograph at issue because it is not among the collections of thumbnails submitted along with the Certificate of Registration, and the registration covers works created in 2009 while the Photograph at issue is from 1998. ECF No. 29 at 16. Defendant further argues Mr. Grecco testified he does not know if he or Plaintiff is the owner of the Photograph. *Id*. Defendant also argues the complaint states Plaintiff acquired the rights to the Photograph by written assignment, but Plaintiff does not include the written assignment or any agreement with USA Weekend magazine concerning ownership of the Photograph. *Id*.

A review of the Certificate of Registration demonstrates Michael Grecco Photography, Inc registered numerous photographs that were published, not created, in 2009, including one listed as "Savage_Fred_MGP_001.jpg. ECF No. 26-3 at 6-9. Mr. Grecco attests that the Photograph is part of the registration. ECF No. 26-3 at 2, ¶ 12. There is nothing to suggest that the registration is limited to the relatively small number of thumbnails images included rather than the accompanying list of images. Additionally, the Court finds the supposed confusion regarding whether Plaintiff or Mr. Grecco is the owner of the Photograph, and lack of proof of the written assignment, do not overcome the presumption of ownership.

**B. Copying**

To establish copying, Plaintiff must demonstrate "(1) that the two works in question are strikingly similar, or (2) that the works are substantially similar and that Defendant[]

had access to the Subject Work." *Malibu Textiles, Inc. v. Label Lane Int'l*, Inc., 922 F.3d 946, 952 (9th Cir. 2019) (citation omitted). Plaintiff must also show causation or "volitional conduct" by Defendant. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017).

Plaintiff argues the evidence establishes that Defendant owns, operates, and has total control over its website; the Photograph was displayed, stored, and used on the website; and Defendant did not have a license or other permission from Plaintiff to copy, store, or publicly display the Photograph. ECF No. 26 at 12. Defendant does not dispute that it displayed the Photograph without a license or express permission.

Instead, Defendant argues Plaintiff cannot demonstrate volitional conduct on behalf of Defendant to support a claim for copyright infringement. ECF No. 27-1 at 21-22; ECF No. 29 at 16-18. Defendant contends the Photograph arrived on Defendant's website through an automated process from user-generated data from a third-party source. ECF No. 29 at 17. Because it had no control over choosing the Photograph, Defendant argues there is no volitional infringement as a matter of law. *Id.* Plaintiff argues content on Defendant's website is populated exclusively from the algorithm, not by users or feed providers. ECF No. 28 at 19.

"[A]utomatic copying, storage, and transmission of copyrighted materials, when instigated by others, does not render an Internet service provider strictly liable for copyright infringement." *Giganews*, 847 F.3d at 670 (quoting *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004)). Here, the copying of the Photograph to Defendant's website was the result of an automatic process developed by Defendant. No user or other third-party caused the Photograph to be posted on Defendant's website. Defendant provides no authority for its contention that using an algorithm to choose images to post to its website is the equivalent of passively hosting images downloaded by users of its website. The undisputed facts demonstrate Defendant used its algorithm to choose and copy the Photograph to its website. Accordingly, Plaintiff sufficiently demonstrates volitional conduct.

**C. Fair Use**

Defendant argues the posting of the Photograph was fair use and, therefore, not infringement. ECF No. 27-1 at 22-27. "Fair use was traditionally defined as 'a privilege in others than the owner of the copyright to use the copyrighted material in a reasonable manner without his consent.'" *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 549 (1985) (quoting H. Ball, Law of Copyright and Literary Property 260 (1944)). Fair use of copyrighted materials fulfills the purpose of promoting the progress of science and the arts. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575 (1994). Courts must consider four factors when determining whether use of a work qualifies as fair use: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107; *Campbell*, 510 U.S. at 577. Because it is an affirmative defense, Defendant bears the burden of demonstrating fair use. *Id*. at 590.

**1. Purpose and Character of Use**

The first factor looks to whether the use of the work adds a purpose or different character making the new work "transformative." *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1016 (9th Cir. 2001). "A work is 'transformative' when the new work does not merely supersede the objects of the original creation but rather adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1164 (9th Cir. 2007) (quoting *Campbell*, 510 U.S. at 579). "'[T]ransformativeness' is a matter of degree." *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 529 (2023). The smaller the difference in the purpose and character of the work from the original, the less likely the factor weighs in favor of fair use. *Id*.

Defendant is a commercial enterprise that posted the Photograph on its website. ECF No. 26-4 at 6, 7. The Photograph was one of many taken by Mr. Grecco for USA Weekend

for use in its magazine for an article about a book discussing "emotional intelligence" in the workplace. ECF No. 24-4 at 20-21. The Photograph differed from Plaintiff's original by adding the title "Working." ECF No. 27-3 at 7, ¶ 23. The Court finds the character of the work was only minimally changed. While the purpose of the Photograph on Defendant's website differed from the original purpose, the transformative nature of the use was not to such a degree that it outweighed the commercial purpose. Therefore, this factor weighs against finding fair use.

**2. Nature of the Work**

"Works that are creative in nature are 'closer to the core of intended copyright protection' than are more fact-based works." *A&M Recs.*, 239 F.3d at 1016 (quoting *Campbell*, 510 U.S. at 586). Photographs are "generally viewed as creative, aesthetic expressions" warranting copyright protection. *Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1177 (9th Cir. 2012). "Even 'point-and-shoot' photographs that are 'not highly artistic' can merit copyright protection. *De Fontbrune v. Wofsy*, 39 F.4th 1214, 1225 (9th Cir. 2022) (quoting *Monge*, 688 F.3d at 1177)). Mr. Grecco was commissioned to take the Photograph and utilized his skills as a professional photographer, technical equipment, a studio and crew. ECF No. 26-3 ¶¶ 6-11. As such, this factor weighs against fair use.

**3. Amount and Substantiality of Portion Used**

The amount of "permissible copying varies with the purpose and character of the use." *Campbell*, 510 U.S. at 586. "While wholesale copying does not preclude fair use per se, copying an entire work militates against a finding of fair use." *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1118 (9th Cir. 2000) (citing *Hustler Mag. Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1155 (9th Cir. 1986)). This factor "necessarily overlaps somewhat with the first factor." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013).

Here, Defendant used the entire Photograph. Given the minimal transformative nature of Plaintiff's use of the Photograph, Defendant's use of the entire Photograph weighs against fair use.

**4. Effect Upon the Potential Market**

The effect on the potential market factor requires courts to consider "the extent of market harm caused by the particular actions of the alleged infringer, as well as "whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market for the original." *Campbell*, 510 at 590. Defendant maintains there is no market for the use of the Photograph in its line of business, and it never received any financial benefit from having the Photograph on its website. ECF No. 27-3 at 7, ¶ 22. However, "[e]ven copying for noncommercial purposes may impair the copyright holder's ability to obtain the rewards" generally provided to copyright holders. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 450 (1984). Additionally, it is not necessary that present harm exists or the certainty of future harm. *Id*. The factor requires a "meaningful likelihood of future harm. *Id*. at 451. Plaintiff contends the potential market for the photograph is harmed if anyone could use the Photograph without license or permission. Accordingly, this factor weighs slightly against fair use.

**5. Good Faith**

Defendant contends the Court should also consider its good faith in determining whether its use of the photograph qualifies as fair use. ECF No. 27-1 at 26-27. However, Defendant's lack of bad faith in using the Photograph does not outweigh the other factors demonstrating Defendant's use does not qualify as fair use. The balance of the factors do not support a finding of fair use. Accordingly, Defendant fails to meet its burden of demonstrating its use of the Photograph qualifies as fair use.

**D. Implied License**

Defendant argues Plaintiff's conduct in letting the Photograph remain on TheTVDB website, never negotiating a paid license for TheTVDB's use, and allowing the Photograph to remain on Defendant's website for over four years before asking that it be removed, amounts to implied consent. ECF No. 27-1 at 27-28. A license may be implied by conduct.

*Worldwide Church of God*, 227 F.3d at 1114 (citing *Effects Assoc., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir.1990)).

As discussed above, there is no evidence demonstrating Plaintiff was aware the Photograph was on Defendant's website prior to Mr. Grecco finding it in January 2024. A few days later, Mr. Grecco asked Defendant to remove the Photograph, and Defendant promptly complied. Additionally, there is no evidence demonstrating Plaintiff was aware the Photograph was on TheTVDB prior to its discovery of the Photograph on Plaintiff's website. Defendant fails to carry its burden of demonstrating Plaintiff provided an implied license for use of the Photograph. *See Furie v. Infowars, LLC*, 401 F.Supp.3d 952, 968 ("The existence of an implied license is an affirmative defense to a claim of copyright infringement, and the burden of proof is ultimately on the party seeking to avoid infringement liability.")

**CONCLUSION AND ORDER**

Based on the foregoing, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's motion for summary judgment. Plaintiff shall file a brief addressing the proper measure of damages and other relief **on or before October 28, 2026**. Defendant shall file a response **on or before November 18, 2026**. Plaintiff may file a reply **on or before December 2, 2026**.

**IT IS SO ORDERED**.

Dated: September 30, 2026



Honorable Benjamin J. Cheeks
United States District Judge